IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Jose E. Lopez-Miranda,<br><br>Plaintiff,<br>vs.<br><br>Mr. Verin, Mr. C. Nevils, Ms. C. Blackwelder, Ms. S. Broadwater, Mr. C. Tolbert, Mr. H. Johnson, Mr. R. Lyons, Mr. Bronson, Ms. Battle, and S. Denny,<br><br>Defendants. | Civil Action No. 6:19-cv-719-CMC<br><br>**ORDER** |

This matter is before the court on Plaintiff's Complaint filed October 30, 2019. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2), D.S.C., this matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial proceedings and a Report and Recommendation ("Report") on dispositive issues.

On September 9, 2019, Defendants filed a motion to dismiss for failure to state a claim. ECF No. 41. Because Plaintiff is proceeding *pro se*, the court issued an Order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising him of the importance of a dispositive motion and the need to file an adequate response. ECF No. 43. Plaintiff's response was due October 11, 2019. *Id.* The court extended this time through October 30, 2019. ECF No. 45. Plaintiff then filed a motion for extension (ECF No. 47), which was granted (ECF No. 48), making the response due November 25, 2019. The court then extended the deadline through December 26, 2019, and noted no further extensions would be allowed. ECF No. 50. Plaintiff did not file a response.

On January 3, 2020, the Magistrate Judge entered a Report recommending the case be dismissed for failure to prosecute under Fed. R. Civ. P. 41(b). ECF No. 52. The Magistrate Judge advised if Plaintiff filed objections and a response to the motion to dismiss within the time period provided, the Report would be rescinded and the Magistrate Judge would provide a recommendation on the motion to dismiss. *Id.* at 3. Plaintiff did not file objections and the time for doing so has expired.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

After a review of the record, the applicable law, and the Report and Recommendation of the Magistrate Judge, the court finds no clear error and agrees with the Report's recommendation this matter should be dismissed. Accordingly, the court adopts the Report by reference in this Order. As Plaintiff was specifically warned of the possibility of dismissal if he did not respond to

the Magistrate Judge's Order, this action is hereby dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b). *See also Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) ("The Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders."). Defendants' motion to dismiss (ECF No. 41) is dismissed as moot.

**IT IS SO ORDERED.**

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
January 27, 2020